NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| United Van Lines, LLC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Lohr Printing, et al., <br><br> Defendants. | Civ. No. 11-4761 <br><br> OPINION |

THOMPSON, U.S.D.J.

This matter is before the Court on the motion of Defendant Lohr Printing, (hereinafter, "Lohr"), for reconsideration of this Court's Order that granted Canon Business Solutions, Inc's motion to dismiss and denied Lohr's motions to amend the Third Party Complaint. (Doc. No. 74). The Court has issued the Opinion below based upon the written submissions of the parties and without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons stated herein, the Court will deny Lohr's motion for reconsideration. (Doc. No. 74).

BACKGROUND

This matters stems from this Court's January 29, 2013 Order. (Doc. No. 74). The Order granted Canon Business Solutions, Inc.'s motion to dismiss the following claims: (1) negligence/breach of contract; (2) breach of implied covenant of good faith and fair dealing; and (3) fraud. (*Id*.). The Order also denied Lohr's motion to amend. (*Id*.). Since this matter is a motion for reconsideration, the Court assumes the Parties' familiarity with the facts discussed in its previous Opinion. (Doc. No. 72).

DISCUSSION

Rule 7.1(i) requires the moving party to set forth the factual matters or controlling legal authorities it believes the Court overlooked when rendering its initial decision.  L. Civ. R. 7.1(i); *Stolinski v. Pennypacker*, CIV 07-3174(JBS/AMD), 2009 WL 1651168 (D.N.J. June 11, 2009). The decision to grant a motion for reconsideration is within the Court's discretion, but reconsideration should be granted only where such facts or legal authority were presented to the Court but overlooked.  *See DeLong v. Raymond Int'l Inc.,* 622 F. 2d 1135, 1140 (3d Cir. 1980), *overruled* on *other grounds by Croker v. Boeing Co.,* 662 F. 2d 975 (3d Cir. 1981).

To prevail on a motion for reconsideration, the movant must show one of the following: (1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court rendered judgment; or (3) a need to correct a clear error of law or fact or to prevent manifest injustice.  *Max's Seafood Café ex rel. Lou–Ann, Inc.*, *v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999).  Under the third prong, the movant must show that "dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered."  *P. Schoenfeld Asset Management LLC v. Cendant Corp.,* 161 F. Supp. 2d 349, 353 (D.N.J.2001) (internal quotations and citations omitted).

In the present motion for reconsideration, Lohr's arguments include claims that the Court did the following: (1) "overlooked the sum and substance of the entire transaction," (Doc. No. 74, 4); (2) "f[ound] as fact, without the benefit of any discovery," (Doc. No. 74, 5); and failed to consider claims for negligence and breach of fiduciary duty, (Doc. No. 74, 9).  Based on a thorough review of Lohr's arguments in support of its motion for reconsideration, this Court finds Lohr has failed to demonstrate sufficient grounds for reconsideration.

## CONCLUSION

For the reasons put forth above, the motion for reconsideration is denied.

*Anne E. Thompson*

ANNE E. THOMPSON, U.S.D.J.

Date: 2/20/14