NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED VAN LINES, LLC and MCCOLLISTER'S TRANSPORTATION SERVICES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> LOHR PRINTING, INC., <br><br> Defendant/Third Party Plaintiff. <br><br> v. <br><br> CANON, U.S.A., CANON FINANCIAL SERVICES, INC., CANON BUSINESS SOLUTIONS, INC., SONAIE LONEY, AND RODNEY R. HELD <br><br> Third Party Defendants, <br><br> v. <br><br> Richard LOHR, <br><br> Fourth Party Defendant. | Civ. No. 11-04761 <br><br> OPINION |

THOMPSON, U.S.D.J.

      This matter comes before the Court on Rodney Held's (hereinafter, "Mr. Held's") motion to dismiss. (Doc. No. 75). Lohr Printing, Inc. (hereinafter, "Lohr Printing") opposes the motion. (Doc. No. 76). The Court has issued the Opinion below based upon the written submissions and without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons stated herein, the motion is granted.

1

BACKGROUND

In April 2009, Lohr Printing leased a Canon Image Press 60000 VP-4 (the "Printer") under a Canon Business Solutions ("CBS") service contract; the Printer was leased through and owned by Canon Financial Services ("CFS"). (*Id.* at ¶¶ 51-52; 55). Both CBS and CFS are affiliates of Canon USA. (*Id.* at ¶ 53). Mr. Held, a CBS account representative and alleged agent of CFS and CUSA, has sold Lohr Printing several printers. (*Id.* at ¶¶ 54, 56).

In February 2011, Lohr Printing advised Mr. Held of its intention to relocate the Printer to another facility. (*Id.* at ¶ 58). Mr. Held offered to assist in getting a price quote for shipping. (*Id.* at ¶ 59). Mr. Held advised Lohr Printing of the following: (1) Canon often used McCollister's Transportation Services, Inc. (hereinafter, "McCollister's"); (2) McCollister's is experienced in handling this kind of equipment; and (3) Mr. Held would secure a good price for Lohr Printing. (*Id.* at ¶¶ 60-61).

On February 16, 2011, Mr. Held contacted Ms. Loney, a customer service coordinator for McCollister's to request a quote on the Printer's transportation. (*Id.* at ¶ 62). Mr. Held and Ms. Loney discussed the machine's characteristics and the need to crate the machine for transport. (*Id.* at ¶ 63). Ms. Loney purportedly told Mr. Held that crating was unnecessary. (*Id.* at ¶ 64).

After a period of negotiations in which Mr. Held was the intermediary, Mr. Held conveyed the shipping price to Lohr Printing. (*Id.* at ¶¶ 75-76). Ms. Loney then contacted Lohr Printing directly for payment. (*Id.* at ¶¶ 77-78). Lohr Printing contends that the parties never discussed liability limits or the fact that McCollister's was actually an agent for another carrier, United Van Lines, Inc, (hereinafter, "United"). (*Id.* at ¶¶ 65, 67, 74, 79).

On March 29, 2011, United picked up the Printer at Lohr Printing's facility. (*Id.* at ¶¶ 80-85). At the time of pick-up, Lohr Printing was handed a "document," which its employee was

instructed to sign. (Doc. No. 30 at ¶¶ 88-89). This document allegedly limited the liability of the shipping company to a value below the Printer's value. (*Id.*). Lohr Printing signed the document and contends that it was not aware of the limitation. (*Id.*).

On April 4, 2011, the Printer was delivered in a damaged state. (*Id.* at ¶¶ 91-92). On April 13, 2011, Lohr Printing filed a "Presentation of Claim for Loss and Damages" form with United and McCollister's. (*Id.* at ¶ 95). Lohr Printing estimates the total value of loss to be $251,868.00. (*Id.* at ¶ 112). In response to the above incident, Lohr Printing brought the following claims against Mr. Held: (1) Negligence; (2) Breach of Contract; (3) Breach of Implied Covenant of Good Faith and Fair Dealing; (4) Breach of Fiduciary Duty; and (5) Legal Fraud and Consumer Fraud.

## DISCUSSION

The Court will first discuss the applicable legal standard before examining each claim.

### *1. Legal Standard*

A motion under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F. 3d 176, 183 (3d Cir. 1993). The defendant bears the burden of showing that no claim has been presented. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a Rule 12(b)(6) motion, a district court should conduct a three-part analysis. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 56 U.S. 662, 675 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). The court may disregard any conclusory legal allegations. *Id*. Finally, the court must determine whether the "facts are

sufficient to show that plaintiff has a 'plausible claim for relief.'" *Id*. at 211 (quoting *Iqbal*, 556 U.S. at 679). Such a claim requires more than a mere allegation of an entitlement to relief or demonstration of the "mere possibility of misconduct;" the facts must allow a court reasonably to infer "that the defendant is liable for the misconduct alleged." *Id*. at 210, 211 (quoting *Iqbal*, 556 U.S. 678-79).

   *2. Negligence*

"In order to sustain a common law cause of action in negligence, a plaintiff must prove four core elements: '(1) [a] duty of care, (2) [a] breach of [that] duty, (3) proximate cause, and (4) actual damages.'" *Brunson v. Affinity Fed. Credit Union*, 199 N.J. 381, 400 (2009) (quotations and citations omitted). As a threshold issue, a plaintiff must show that the defendant owes a duty to the plaintiff. *Strachan v. JFK Memorial Hospital*, 109 N.J. 523 (1988). The determination of whether a duty of care exists is "quintessentially a question of law for the court." *Highlands Ins. Co. v. Hobbs Grp., LLC,* 373 F.3d 347, 351 (3d Cir. 2004). Foreseeability and fairness are two key concepts a court should apply to determine whether a duty exists. *Highlands Ins. Co. v. Hobbs Grp., LLC.*, 373 F.3d 347, 352 (3d Cir. 2004); *see also Griesenback Ex. Rel. Kuttner v. Walker*, 199 N.J. Super. 132, 136 (App. Div. 1985) (defendant has duty of care if he creates an unreasonable risk of foreseeable harm or policy considerations demand it). Courts should weigh the "relationship of the parties, nature of the risk, and the public interest in the proposed solution." *Jerkins v. Anderson*, 101 N.J. 285, 295 (2007); *Goldberg v. Housing Auth. of Newark*, 38 N.J. 578, 583 (1962).

   Here, Lohr Printing argues that Mr. Held owed a duty because Mr. Held initiated contact with McCollister's, obtained a quote, discussed the nature of the item being moved, and vouched for McCollister's. (Doc. No. 76 at 5). Lohr Printing also alleges that Mr. Held and the Canon

4

companies stood to gain from a good relationship with Lohr Printing in the form of more business. (Doc. No. 76 at 5).

Balancing all of the factors, the Court finds that Mr. Held did not owe Lohr Printing a duty. *See Call v. Czaplicki*, 2010 WL 3724275, *10 (D.N.J. Sept. 16, 2010) (public policy does not always require referring party to scrutinize qualifications). While Mr. Held did assist in the process, Lohr Printing interacted with representatives of both United and McCollister's prior to entering the agreement, paid the shipping company directly, and was free to make its own inquiries. Mr. Held's act of confirming and negotiating the quote, an action that includes inquiring into insurance and shipping procedures, did not create a foreseeable risk that Lohr Printing would limit the mover's liability or that the moving company would negligently harm the Printer. Furthermore, given the relationship between Mr. Held and Lohr Printing in the transaction at issue, public policy does not require imposing a duty here. In fact, it would seem to offend notions of fairness to impose a duty on Mr. Held in this instance. *See Highlands,* 373 F.3d at 352 (fairness is a "key" element of the duty analysis). Accordingly, the Court finds that Mr. Held did not owe a duty. In the absence of duty, the negligence claim is dismissed.

### 3. *Breach of Contract and Breach of Implied Covenant of Good Faith and Fair Dealing*

"To establish a breach of contract claim, a plaintiff has the burden to show that the parties entered into a valid contract, that the defendant failed to perform his obligations under the contract and that the plaintiff sustained damages as a result." *Murphy v. Implicito*, 392 N.J. Super. 245, 265 (App. Div. 2007). Therefore, a threshold issue is whether the plaintiff can show a contract exists.

An essential component of a contract is consideration. *Boberly v. Nationwide Mus. Ins. Co.*, 547 F. Supp. 959, 980 (D.N.J. 1981). "[C]onsideration must . . . be valuable in the sense that it is

something that is bargained for in fact." *Borbely v. Nationwide Mut. Ins. Co.*, 547 F. Supp. 959, 980 (D.N.J. 1981) (citation omitted). Though Lohr Printing alleges that Mr. Held received consideration in the form of the increased commission that would result from Lohr Printing's need to replace the Printer it was shipping, this argument does not prove a bargained for exchange. As this Court has already held, whether or not Lohr Printing shipped its current printer and purchased a replacement, or purchased a new printer to send to its customer, Mr. Held would receive the benefit of a sale. Thus, the pleading does not support any additional negotiated benefit on the part of Mr. Held.

The Court now turns to the related issue of the implied covenant of good faith and fair dealing. "[E]very party to a contract is bound by a duty of good faith and fair dealing in both the performance and enforcement of the contract." *Hassler v. Sovereign Bank*, 644 F. Supp. 2d 509, 518 (D.N.J. 2009) (quotations omitted). "[A] contract must exist between two parties before a court will infer this covenant." *Grygorcewicz v. Schweitzer-Mauduit Int'l, Inc.*, 2009 WL 235623 *2 (D.N.J. Jan. 30, 2009). Since no contract existed between Mr. Held and Lohr Printing, the claim for breach of implied covenant of good faith and fair dealing is dismissed.

   *4. Breach of Fiduciary Duty*

Under New Jersey Law, a "fiduciary relationship encompasses all relationships . . . in which confidence is naturally inspired, or in fact, reasonably exists . . . ." *Alexander v. CIGNA Corp.*, 991 F. Supp. 427, 427 (D.N.J. 1998) (citations and quotations omitted). While "[t]here is no invariable rule which determines the existence of a fiduciary relationship . . . there must exist a certain inequality, dependence, weakness of age, or mental strength, business intelligence, knowledge of the facts involved, or other conditions, giving to one advantage over the other."

6

*Id.* at 438.  Therefore, "fiduciary duties are not imposed in ordinary commercial business transactions."  *Id.* at 438.

The Court finds insufficient evidence that Mr. Held served Lohr Printing in a fiduciary capacity.  While Mr. Held appears to be Lohr Printing's principal representative in the purchase and lease of printers and has more knowledge on the subject than Lohr Printing, there is no evidence indicating that Mr. Held exercised the type of superiority and control required to establish a fiduciary relationship.  This finding is consistent with the law of the case as it relates to the alleged fiduciary relationship.  (*See* Doc. No. 72).  Accordingly, the breach of fiduciary duty claim is dismissed.

   5.  *Fraud and Consumer Fraud*

In New Jersey, a party wishing to succeed on a claim of legal fraud must prove that "the defendant made (1) a material misrepresentation of present or past fact (2) with knowledge of its falsity (3) with the intention that the other party rely thereon (4) and which resulted in reasonable reliance by plaintiff."  *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1182 (3d Cir. 1993) (citing *Jewish Ctr. of Sussex County v. Whale,* 86 N.J. 619, 432 A.2d 521, 524 (1981)).  "A plaintiff asserting a claim of legal fraud must show that the defendant acted with scienter but only need prove the elements of fraud by a preponderance of the evidence."  *Id.*

Lohr Printing argues that Mr. Held is liable because he failed to do the following: (1) disclose that "McCollister's [would] claim[] a liability limitation after a price was agreed upon to ship the subject printer;" (2) disclose that "limited liability applied prior to shipment;" (3) "offer[] alternative rates" on shipping; and (4) "pick[] up the Printer before the bill of lading was shown to [Lohr]."  (Doc. No. 30 at ¶ 133).

These claims fail because Mr. Held did not owe a duty to disclose in these instances, these alleged issues occurred *after* Mr. Held had gotten a price quote, and do not satisfy the scienter requirement.

A party "has no duty to disclose information to another party in a business transaction unless a fiduciary relationship exists between them, . . . the transaction itself is fiduciary in nature, or . . . one party 'expressly reposes a trust and confidence in the other." *N.J. Econ. Dev. Auth. v. Pavonia Restaurant, Inc.*, 319 N.J. Super 435, 446 (App. Div. 1998).  As discussed previously, Lohr Printing failed to allege a fiduciary relationship between Lohr Printing and Mr. Held. Moreover, the alleged actions occurred after Mr. Held's involvement in the transaction ended. *See Chatlos Systems, Inc. v. National Cash Register Corp.*, 479 F.Supp. 738, 749-50 (D.N.J. 1979) ("statements as to future or contingent events . . . do not constitute misrepresentations"). Finally, Lohr Printing failed to satisfy the scienter requirements for fraud claims.  (*See* Doc. No. 72 at 21).  Lohr Printing claims that Mr. Held misled with "the intent to obtain an unfair advantage on defendant in the event the Printer was damaged in transport."  (Doc. No. 50 at ¶ 134).  As this Court has already held, any allegation that Mr. Held intended "to capitalize on any damage that might result from the shipment by selling an additional printer to Lohr" is "too uncertain an outcome to support an assertion of scienter."  (Doc. No. 72 at 21).

In accordance with reasons above, the fraud and consumer fraud claims are dismissed.

## CONCLUSION

For the reasons set forth above, the motion to dismiss, (Doc. No. 75), is granted.

*/s/ Anne E. Thompson*

Date: 3/4/14                                                                 ANNE E. THOMPSON, U.S.D.J.

8