NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| United Van Lines, LLC and McCollister's Transportation Services, Inc., | Civ. No. 11-4761 |
| Plaintiffs, | OPINION |
| v. | |
| Lohr Printing, Inc., | |
| Defendant/Fifth Party Plaintiff, | |
| v. | |
| Canon Financial Services, Inc., | |
| Third Party Defendant/Fourth Party Plaintiff | |
| v. | |
| Richard Lohr, | |
| Fourth Party Defendant/Fifth Party Plaintiff, | |
| v. | |
| Canon Business Solutions, Inc., OCE North America, Inc., OCE Imagistics, Inc., Canon Solutions America, Inc., BR Printers, XYZ Business Machines 1-10, and John Does 1-10, | |
| Fifth Party Defendants. | |

THOMPSON, U.S.D.J.

1

This matter comes before the Court upon four motions:

(1) the motion brought by Fifth Party Defendants Canon Business Solutions, Inc. ("CBS"), Canon Solutions America, Inc. ("CSA"), Oce North America, Inc. and Oce Imagistics, Inc. (collectively, "OCE") to dismiss the Fifth Party Complaint[1] filed against them by Lohr Printing ("LP") and Richard Lohr ("Lohr"), (Doc. No. 132);

(2) the unopposed motion brought by Fifth Party Defendant BR Printers ("BR") to dismiss the Fifth Party Complaint filed by LP and Lohr against BR, (Doc. No. 138);

(3) the cross-motion brought by Lohr and LP for leave to file a Fifth Party Complaint, (Doc. No. 146); and

(4) the unopposed motion brought by CBS, CSA and OCE to dismiss the cross-claims filed by Canon Financial Services, Inc. ("CFS") against CBS, CSA and OCE, (Doc. No. 132).

The Court has issued the Opinion below based upon the written submissions and without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons stated herein, the motion brought by CBS, CSA and OCE to dismiss the Fifth Party Complaint, (Doc. No. 132), will be granted; the motion brought by BR to dismiss the Fifth Party Complaint, (Doc. No. 138), will be granted; the motion for leave to file a complaint brought by Lohr and LP, (Doc. No. 146), will be denied; and the motion brought by CBS, CSA and OCE to dismiss CFS's cross-claims, (Doc. No. 132), will be granted.

---

[1] At the time this motion was filed, CBS was improperly listed as a third party defendant, instead of a fifth party defendant. Therefore, the complaint filed against CBS was entitled a "Second Amended Third Party Complaint." This listing error was corrected by a Court Order entered on May 9, 2014. (Doc. No. 115). Accordingly, the Court will treat CBS as a fifth party defendant and will refer to the claims against it raised by LP and Lohr as part of the Fifth Party Complaint.

BACKGROUND

This matter began as a case about a printer damaged during shipment and the effect of a liability waiver provision. The new allegations raised by LP and Lohr in the Fifth Party Complaint pertain to alleged interference with LP's business relationship with another printing company, BR.

A. **Factual Background**

LP is in the business of making textbook covers. (Doc. No. 101-1, Statement of Material Facts, at ¶ 7; Doc. No. 30 at ¶ 50). In April of 2009, LP leased a Canon Image Press 60000 VP-4, Serial Number CWM00081 (the "Printer") under a CBS service contract; the Printer was leased through and owned by CFS. (Doc. No. 101-1 at ¶¶ 8, 12-13; Doc. No. 117, Lohr Printing's Statement of Material Facts, at ¶¶ 8, 12-13). On or around March 29, 2011, the Printer was apparently damaged during shipment. The Court has dealt with the circumstances surrounding this shipment at length in previous opinions and will assume the parties' familiarity with those facts.[2]

The matter currently before the Court – LP and Lohr's Fifth Party Complaint – centers on new allegations that LP had a contractual relationship with BR and that other parties interfered with that relationship. In the Fifth Party Complaint, LP and Lohr alleged that BR agreed that "LP would be the primary provider of covers for BR Printing for the next five years commencing in February/March 2011." (Doc. No. 102 at 31). BR allegedly violated that agreement by leasing a printer from another party, "Canon/OCE," and informing LP that it no longer needed its services. LP further alleged that OCE, "CBS and/or CFS knew of the existence of the contract

---

[2] For a more detailed discussion of the facts surrounding the printer shipment and liability waiver, see this Court's Opinion in the motion for summary judgment brought by United Van Lines, LLC. and McCollister's Transportation Services, Inc., (Doc. No. 142).

between LP and BR . . . and specifically intended to interfere with that contract" by leasing printers directly to BR. (*Id.* at 31 and 39).

    B.  **Procedural History**

On August 17, 2011, United Van Lines, LLC ("United") and McCollister's Transportation Services, Inc. ("McCollister's") filed a Complaint for a Declaratory Judgment, seeking a finding that each party's liability to Lohr and LP for the damaged printer was controlled by the terms of the Bill of Lading. (Doc. No. 1). On November 13, 2011, LP served its Answer to that Complaint. (Doc. No. 7).

On November 13, 2011, LP also filed Counterclaims against United and McCollister's, seeking to recover damages for the Printer. (*Id.*). On March 29, 2012, this Court granted United's and McCollister's motion to dismiss LP's Counterclaims in part. (Doc. No. 21). On July 13, 2012, LP amended its Answer and filed a Third Party Complaint against CBS, CUSA, and Rodney Held for actions related to the shipment of the Printer. (Doc. No. 28).

On September 7, 2012, CBS and CUSA moved to dismiss LP's Third Party Complaint. (Doc. No. 45). On October 22, 2012, LP cross-moved to file an Amended Third Party Complaint. (Doc. No. 53). On January 29, 2013, the Court granted both motions to dismiss, and the Court denied LP's motion to amend its Counterclaim and Third Party Complaint. (Doc. No. 71). On February 24, 2014, LP's counsel wrote the Court to "confirm" that LP could file an answer and a separate defense to the counterclaim filed by third-party defendant CFS and file a Fourth Party Complaint against CFS. The request for leave to file the amended counterclaims and a Fourth Party Complaint against CFS was granted on March 4, 2014. (Doc. No. 93). LP and Lohr do not claim that the request explicitly included a request for leave to file the Fifth Party Complaint against BR, CBS, OCE or CSA.

On April 18, 2014, Lohr and LP filed the Fifth Party Complaint, bringing claims against CBS and OCE for tortious interference with contract, tortious interference with prospective economic advantage, and unconscionable commercial practices.  LP and Lohr also sued CBS for breach of the implied covenant of good faith and fair dealing and sued CSA for successor liability.  LP and Lohr also brought claims against BR for, among other things, breaching or otherwise violating the alleged printing agreement.

## DISCUSSION

BR, CBS, OCE and CSA move to dismiss the Fifth Party Complaint filed against each of them.  LP and Lohr Printing also now seek leave to file the Fifth Party Complaint.  Furthermore, CBS, OCE and CSA move to dismiss the counterclaims raised by CFS against CBS, OCE and CSA for contribution and indemnification.

The motions before the Court concern four major issues: (1) whether the filing of the Fifth Party Complaint against OCE, CBS and CSA was procedurally proper; (2) whether LP and Lohr should now be given leave to file the Fifth Party Complaint *nunc pro tunc*, or retroactively; (3) whether the filing of the Fifth Party Complaint against BR was procedurally proper; and (4) whether the cross-claims filed by CFS should be dismissed.  The Court will deal with each issue in turn.

1. Legal Standard for a Motion to Dismiss

A motion under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint.  *Kost v. Kozakiewicz*, 1 F. 3d 176, 183 (3d Cir. 1993).  The defendant bears the burden of showing that no claim has been presented.  *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).  When considering a Rule 12(b)(6) motion, a district court should conduct a three-part analysis.  *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).  "First, the court

must 'take note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 56 U.S. 662, 675 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). The court may disregard any conclusory legal allegations. *Id*. Finally, the court must determine whether the "facts are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Id*. at 211 (quoting *Iqbal*, 556 U.S. at 679). Such a claim requires more than a mere allegation of an entitlement to relief or demonstration of the "mere possibility of misconduct;" the facts must allow a court reasonably to infer "that the defendant is liable for the misconduct alleged." *Id*. at 210, 211 (quoting *Iqbal*, 556 U.S. 678-79).

    2. <u>LP and Lohr's Fifth Party Complaint Against OCE, CBS and CSA</u>

OCE, CBS and CSA argue that LP and Lohr's Fifth Party Complaint should be dismissed because it was filed more than 14 days after the original answer and without leave of court.

Federal Rule of Civil Procedure 14(a)(1) provides the following:

> A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer.

Here, LP served its original answer on November 13, 2011. (Doc. No. 7). LP filed the Fifth Party Complaint on April 18, 2014. Therefore, to satisfy FRCP 14(a), LP and Lohr must show that they filed a motion for leave to file the Fifth Party Complaint and that they received leave of court to file the Fifth Party Complaint. Nothing in the record indicates that LP and Lohr obtained leave of court, by motion or otherwise. For the reasons set forth above, the motion to dismiss LP and Lohr's Fifth Party Complaint against OCE, CBS and CSA will be granted.

3. Leave to File Fifth Party Complaint *Nunc Pro Tunc*

LP argues that, even if it failed to obtain leave of court prior to filing the Fifth Party Complaint against OCE, CBS and CSA, the Court should now grant leave to file the Fifth Party Complaint *nunc pro tunc*. LP and Lohr contend that "all parties at the time [of filing] consented to LP['s] filing those claims and there is no prejudice to Canon/OCE." (Doc. No. 145 at 20). LP further claims that the Court had "advanced knowledge of LP's intentions" and that there is a "paper trail showing this [C]ourt granted leave for LP to file its supplemental pleading at issue." (Doc. No. 145 at 20 and 21). LP also argues that it did not file the motion for leave of court until now because the Court "actively encouraged the parties to resolve all claims." (Doc. No. 145 at 22).

Joinder of third-party defendants "is not automatic; rather, the decision to permit joinder rests with the sound discretion of the trial court." *Spencer v. Cannon Equip. Co.,* 2009 WL 1883929, at *6 (D.N.J. June 29, 2009). Courts generally consider the following equitable factors when exercising discretion to permit joinder of a third-party defendant: "(1) the timeliness of the motion; (2) the probability of trial delay; (3) the potential for complication of issues at trial; and (4) prejudice to the original plaintiff." *Mechin v. Carquest Corp.*, 2010 WL 3259808, at *5 (D.N.J. Aug. 17, 2010)

Here, LP seemingly first learned that BR would no longer require LP's printing services as early as October of 2012; however, LP did not file its Fifth Party Complaint, which is based on allegations stemming from the October 2012 event, until April 18, 2014. LP and Lohr have failed to show a sufficient reason for this delay in filing the Fifth Party Complaint. Furthermore, CBS, which was terminated as a party on January 29, 2013 and was unable to contest the filing

of the Fifth Party Complaint that added CBS back into the case over a year later, would suffer considerable prejudice if the Court now granted leave to file.  Finally, the claims alleged in the Fifth Party Complaint would also raise additional issues largely unrelated to the original claim and have the potential to complicate the issues in this case.  For the reasons set forth above, LP and Lohr's motion for leave to file will be denied.

    4.   LP and Lohr's Fifth Party Complaint Against BR

Next, BR claims that LP and Lohr cannot bring the Fifth Party Complaint against BR because the claims are separate and independent from the main action.

A third-party complaint filed pursuant to FRCP 14(a) is appropriate "only when the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to the defendant."  *FDIC v. Bathgate*, 27 F.3d 850, 873 (3d Cir. 1994) (citations omitted); *see also* FRCP 14(a)(1)("A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty *who is or may be liable to it for all or part of the claim against it*.")(emphasis added).  "If the claim is separate and independent from the main action, impleader will be denied."  *Bathgate*, 27 F.3d at 873.

Here, LP and Lohr have asserted claims against BR that arise out of an alleged agreement to retain LP as BR's primary provider of printing services for a period of five years.  LP and Lohr do not contend or show that they are attempting to hold BR secondarily liable for any damages, nor do they contend or show that the claim against BR is dependent on the outcome of the main claim.  LP and Lohr have also not opposed BR's motion to dismiss.  For the reasons set forth above, the motion to dismiss LP's and Lohr's Fifth Party Complaint against BR will be granted.  (Doc. No. 150).

5. <u>Dismissal of Cross-claims</u>

CFS, who has also been sued by LP and Lohr, has brought certain cross-clams against CBS, OCE and CSA for contribution and indemnification. CBS, OCE and CSA argue that these cross-claims should be dismissed if the Court dismisses the Fifth Party Complaint because there would no longer be any claims that CBS, OCE and CSA engaged in any wrongdoing in this case.

The right to contribution only arises when tortfeasors are liable to a third party and at least one of those tortfeasors pays more than his or her equitable share. *J.H. Reid General Contractor v. Conmaco/Rector, L.P.*, 2010 WL 398486, at *9 (D.N.J. Jan. 27, 2010). Similarly, indemnification arises when a party is liable for the wrong committed by another party because of the relationship between that party and the wrongdoer. *Major Tours, Inc. v. Colorel*, 799 F. Supp. 2d 376, 407 (D.N.J. 2011) (citations omitted).

Here, the Fifth Party Complaint against CBS, OCE and CSA discussed above will be dismissed by the Court. Therefore, the allegations that might have given rise to a contribution or indemnity action are no longer part of this case. No party has filed opposition to this motion to dismiss the cross-claims. For the reasons set forth above, the Court will dismiss the cross-claims for contribution and indemnification brought by CFS against CBS, OCE and CSA.

## CONCLUSION

For the reasons set forth above, the motion to dismiss the Fifth Party Complaint brought by CBS, CSA and OCE, (Doc. No. 132), will be granted; the motion to dismiss the Fifth Party Complaint brought by BR, (Doc. No. 138), will be granted; the motion for leave to file brought by Lohr and LP, (Doc. No. 146), will be denied; and the motion to dismiss CFS's cross-claims, (Doc. No. 132), will be granted and the cross-claims dismissed without prejudice.

*/s/ Anne E. Thompson*  
ANNE E. THOMPSON, U.S.D.J.